CSD 1160 [05/15/03]
Name, Address, Telephone No., & I.D. No.
JaVonne M. Phillips, Esq., SBN 187474
Rami N. Haddad, Esq., SBN 253400
McCarthy & Holthus, LLP         P: (619) 685-4800 Ext. 3464
1770 Fourth Avenue              F: (619) 685-4810
San Diego, CA 92101

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-5991

In re
  Hector Cortes,
  Maria Cortes,
                                    Debtors.

BANKRUPTCY NO. 10-11721-MM7

Kondaur Capital Corporation, its assignees and/or successors
                                    Moving Party

RS No. RNH-1

Hector H Cortes, Maria E Cortes, Debtors; and Nancy Wolf, Chapter 7 Trustee; and San Diego County Treasurer / Tax, Junior Lien,
                                    Respondents.

Chapter No. 7

## MOTION FOR RELIEF FROM AUTOMATIC STAY
☒ **REAL PROPERTY**    ☐ **PERSONAL PROPERTY**

Movant, Kondaur Capital Corporation, its assignees and/or successors in the above-captioned matter moves this Court for an Order granting relief from the automatic stay on the grounds set forth below.

1. A Petition under ☒ 7  ☐ 11  ☐ 12  ☐ 13 was filed on **06/30/2010**

2. Procedural Status:
   a. ☒  Name of Trustee Appointed (if any): Nancy Wolf
   b. ☐  Name of Attorney of Record for Trustee (if any):
   c. ☐  (*Optional*) Prior Filing Information:
         Debtor has previously filed a Bankruptcy Petition on: _____
         If applicable, the prior case was dismissed on: _____
   d. ☐  (*If Chapter 13 case*): Chapter 13 Plan was confirmed on or a confirmation hearing is set for _____.

Movant alleges the following in support of its Motion:

1. ☒ The following real property is the subject of this Motion:
   a. Street Address of the property including county and state:

      997 White Alder Avenue
      Chula Vista, CA 91914

      San Diego County

   b. Type of real property (e.g., single family residence, apartment building, commercial, industrial, condominium, unimproved);

      SINGLE FAMILY RESIDENCE

   c. Legal description of property is attached as **Exhibit "A"**

CSD 1160

CSD 1160 (Page 2) [05/15/03]

    d.    If a chapter 11 or 13 case and if non-payment of any post-petition payment is a ground for relief, attach the accounting required by Local bankruptcy Rule 4001-2(a)(4) as Exhibit B.

    e.    *Fair market value of property as set forth in the Debtor's schedules: $605,300.00

    f.    *Nature of Debtor's interest in the property:

        Owner

2. ☐ The following personal property is the subject of this Motion (*describe property*):

    a.    Fair market value of the property as set forth in the Debtor's schedules: $

    b.    Nature of Debtor's interest in the property:

3. *Fair market value of property according to Movant: $605,300.00

4. *Nature of Movant's interest in the property: Holder of Beneficial Interest Under First Deed of Trust.

5. *Status of Movant's loan:

    a.    Balance owing on date of Motion for Relief:    $1,021,724.15
    b.    Amount of monthly payment:    $4,720.88
    c.    Date of last payment:    On or about 10/01/2009
    d.    If real property:
        i.    Date of Default:    11/01/2009
        ii.    Notice of Default recorded on:
        iii.    Notice of Sale published on:
        iv.    Foreclosure sale currently scheduled for:
    e.    If personal property:
        i.    Pre-petition default:    $    No. of months:
        ii.    Post-petition default:    $    No. of months:

    a.    (*If Chapter 13 Case, state the following*)
        a.    Date of post-petition default:
        b.    Amount of post-petition default:    $

    b.    Encumbrances:
        a.    Voluntary encumbrances on the property listed in the Schedules or otherwise known to Movant:

| Lender Name | Principal Balance | (IF KNOWN) Pre-Petition Arrearages Total Amount - # of Months | | Post-Petition Arrearages Total Amount - # of Months | |
|---|---|---|---|---|---|
| 1st: Movant | $ 980,074.51 | $ 41,649.64 | 9 | $ | |
| 2nd | $ | $ | | $ | |
| 3rd: | $ | $ | | $ | |
| 4th: | $ | $ | | $ | |
| Totals for all Liens: | $ 980,074.51 | $ 41,649.64 | 9 | $ | |

    b.    Involuntary encumbrances of record (e.g., tax, mechanic's, judgment and other liens, lis pendens) as listed in schedules or otherwise known to Movant:

        **San Diego County Treasurer / Tax: $ 10,817.00**

    c.
        ☐ See attached page, if necessary.

CSD 1160 (Page 2) [05/15/03]

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a)(5)
CSD 1160

CSD 1160 (Page 3) [05/15/03]

    c. Relief from the automatic stay should be granted because:

        a. ☒ Movant's interest in the property described is not adequately protected.

        b. ☒ Debtor has no equity in the ☒ real property ☐ personal property described above and such property is not necessary to an effective reorganization.

        c. ☐ The property is "single asset real estate", as defined in 11 U.S.C. § 101(51B), and 90 days (or _____ days as ordered by this court) have passed since entry of the order for relief in this case, and

            i. the Debtor/Trustee has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; and

            ii. the Debtor/Trustee has

                (1) ☐ not commenced monthly payments to each creditor whose claim is secured by the Property (other than a claim secured by a judgment lien or by an unmatured statutory lien), or

                (2) ☐ commenced payments, but such payments are less than an amount equal to interest at a current fair market rate on the value of each creditor's interest in the property.

        d. ☐ *Other cause exists as follows (*specify*): ☐ See attached page.

Movant attaches the following:

1. ☒ Other relevant evidence: Declaration required by Local Bankruptcy Rules 4001-2(a)(4).

2. ☐ (*Optional*) Memorandum of points and authorities upon which the moving party will rely.

WHEREFORE, Movant prays that this Court issue and Order granting the following:

☒ Relief as requested. Please see **Attachment "1"**

☒ Other: That the fourteen-day stay described in Bankruptcy Rule 4001(a)(3) be waived.

Dated: July 16, 2010                                             /s/ Rami N. Haddad
                                                                            [Attorney for] Movant, Rami N. Haddad, Esq.

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a)(5)
CSD 1160

## ATTACHMENT "1" TO MOTION FOR RELIEF FROM AUTOMATIC STAY

Relief as Requested (Page 3, WHEREFORE Item 1)

    The Moving Party, at its option, may offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement as allowed by state law. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

## DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM STAY

I, _____Robert Willis_____, declare and state as follows:

1. I am over the age of eighteen years and not a party to this action. The facts set forth below me are known to me personally and I have first-hand knowledge of them. If called as a witness, I could and would, testify competently, under oath to such facts.

2. I am employed by Kondaur Capital Corporation, "Secured Creditor" herein, and am familiar with the subject Deed of Trust and loan in favor of Secured Creditor herein, and the subject Bankruptcy case.

3. I am familiar with the manner and procedure by which the records of Secured Creditor are obtained, prepared, and maintained. Those records are obtained, prepared, and maintained by employees or agents at Secured Creditor in the performance of their regular business duties at or near the time, act, conditions, or events recorded thereon. The records are made either by persons with knowledge of the matters they record or from information obtained by persons with such knowledge. It is my business practice to maintain these records in the regular course of business.

4. Secured Creditor is the real party in interest in this pending motion as they are the current beneficiary under the terms of a promissory note and/or Deed of Trust attached hereto.

5. The subject real property securing the Deed of Trust loan is commonly known as 997 White Alder Avenue, Chula Vista, CA 91914, and legally described as set forth in **Exhibit "A"**.

6. Furthermore, Secured Creditor is the holder and in actual physical possession of the original Promissory Note dated 02/14/2007 in the principal amount of $937,500.00 which is secured by the Deed of Trust of the same date. **See Exhibit "B"**.

7. The Debtor filed this subject bankruptcy petition on 06/30/2010.

8. The current value of the Debtor's subject Property is $605,300.00, based upon the Debtor's own value as set forth in Schedule A. **See Exhibit "C"**.

9. Other than Secured Creditor's Deed of Trust, the Debtor's subject Property is also encumbered by an involuntary encumbrance for property taxes in favor of <u>San Diego County</u> in the approximate amount of $10,817.00 as set forth in Schedule D. **See Exhibit "D"**.

10. In the present case, the Debtor has little or no equity in the Property, as evidenced by the approximate market value compared to the total liens against the Property, principally that of Secured Creditor herein and the other liens as noted in this Motion.

| | | |
|---|---|---:|
| Value | $ | 605,300.00 |
| Total Liens to Secured Creditor | $ | 1,021,724.15 |
| Tax Lien | $ | 10,817.00 |
| Equity | $ | (427,241.15) |

11. Further, Debtor intends to **Surrender** the subject property as set forth in Statement of Intention. **See Exhibit "E"**.

12. Based on the foregoing, Secured Creditor alleges that there is little or no equity in the subject Property, the subject Property is not necessary for an effective reorganization, and Secured Creditor is not adequately protected. Secured Creditor is not receiving regular monthly payments, and is unfairly delayed from proceeding with the foreclosure of the subject Property. Accordingly, relief from the automatic stay should be granted to Secured Creditor pursuant to 11 U.S.C. § 362(d)(1) and (2).

13. Pursuant to the terms of the Note and/or Deed of Trust, a payment received is applied to the account and credited to the next due payment. For example, a payment received in December will be applied to the November payment if no payment had been received in November.

14. With respect to Secured Creditor's Deed of Trust as of July 6, 2010, the following is now due:

15.

| | | | | | |
|---|---|---|---|---|---|
| Unpaid Principal Balance: | | | | $ | 980,074.51 |
| DELINQUENCIES: | | | | | |
| Monthly Payments: | 4 | at | $3,870.36 | $ | 15,481.44 |
| (11/09 through 02/10) | | | | | |
| Monthly Payments: | 5 | at | $4,720.88 | $ | 23,604.40 |
| (03/10 through 07/10) | | | | | |
| Late Charges: | | | | $ | 1,718.25 |
| Corporate Advances: | | | | $ | 130.55 |
| Legal Fees: | | | | $ | 15.00 |
| Bankruptcy Attorney Fee: | | | | $ | 550.00 |
| Bankruptcy Filing Fee: | | | | $ | 150.00 |
| Total Delinquencies: | | | | $ | 41,649.64 |

16. The next scheduled monthly payment is due 08/01/2010 and continuing each month thereafter. Late charges are due on the 16th day of each month if payment is not received by the 15th of the month when due.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed 7/15/10, at _____Orange_____ (city), _____California_____ (state).

_____
Rob Willis
Director of Servicing